**UNITED STATES v. KEMP et al.**

**KEMP et al. v. UNITED STATES.**

(Circuit Court of Appeals, Fifth Circuit.
March 24, 1926. Rehearing Denied
April 22, 1926.)

No. 4575.

1. **Corporations ⬚432(1).**

When president and secretary of board of directors of corporation act, and no objection of other directors is shown, their acquiescence may be presumed.

2. **Corporations ⬚619—Waiver, consenting to determination, assessment, and collection of back taxes, held properly executed by officers representing dissolved corporation, and binding on stockholders (Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1206; Revenue Act 1921, § 250 [Comp. St. Ann. Supp. 1923, § 6336⅛tt]).**

Waiver, consenting to determination, assessment, and collection of additional income taxes, *held* properly executed by president and secretary of board of directors of dissolved corporation, acting under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1206, shortly before expiration of time within which government could bring suit under Revenue Act 1921, § 250 (Comp. St. Ann. Supp. 1923, § 6336⅛tt), and binding on stockholders.

3. **Internal revenue ⬚7, 9—Taxpayer cannot value inventory at market price, if it is higher than cost (Revenue Act 1918, § 203 [Comp. St. Ann. Supp. 1919, § 6336⅛c]).**

Under Revenue Act 1918, § 203 (Comp. St. Ann. Supp. 1919, § 6336⅛c), relative to inventories and rules of Treasury Department, giving taxpayer option of valuing his inventory at cost or market value, whichever is lower, taxpayer cannot value inventory at market price, if it is higher than cost.

Appeals from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by the United States against J. A. Kemp and others. From a decree granting partial relief, the United States appeals, and defendant cross-appeals. Judgment reversed and remanded on original appeal, and affirmed on cross-appeal.

Floyd F. Toomey, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (N. A. Dodge, Sp. Asst. U. S. Atty., of Fort Worth, Tex., and A. W. Gregg, Sol. of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Harry C. Weeks, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for Kemp and others.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the United States filed a bill to recover from the individual stockholders of the Wichita Falls Broom Manufacturing Company, a dissolved corporation, on an adjustment of returns and an assessment of income and excess profit taxes against the corporation for the years 1917, 1918, and 1920. The bill prayed for judgment for additional taxes for said years of $5,639.70, $5,907.76, and $725.22, respectively—a total of $12,272.05.

The case was heard by the District Court, and judgment was entered for plaintiff for the said years of $52.63, $3,500.65, and $611.05, respectively. The United States appealed, contending that it was entitled to recover the full amount prayed for. Defendants appealed, and contend that a recovery for the year 1917 was barred by limitation, apparently making no complaint as to the judgment awarded for the years 1918 and 1920. No question arises as to the return of 1919, as that year showed a loss, which was duly credited. The material facts are these:

The Wichita Falls Broom Manufacturing Company, as its name indicates, was engaged in the manufacture of brooms at Wichita Falls, Tex., for some years previous to 1917. Its plant was practically destroyed by fire on December 14, 1919. The record does not disclose whether they again actively entered business, but the contrary may be presumed. On May 17, 1921, the corporation was dissolved and surrendered its charter. Prior to that time its assets, amounting to $31,657.50, were distributed to the defendants in proportion to the amount of stock held by them. In April, 1922, an examination of the books of the corporation was made by a revenue agent, and he rendered a report, dated April 11 of that year, in which he recommended the assessment of additional taxes of $29,656.93. Thereafter T. B. Noble, who had been president, and J. C. Ward, who had been secretary, of the corporation, filed an appeal on behalf of the corporation with the Commissioner of Internal Revenue, and appointed H. C. Weeks, attorney at law, as attorney and agent to represent the corporation in the matter, and on January 27, 1923, the same two defendants executed a waiver, and consented to a determination, assessment, and collection of the amount of taxes under the returns made in the year 1917. Thereafter an audit was had, resulting in the assessment of additional taxes for the respective years, as prayed for in the bill.

The law of Texas provides that upon the

dissolution of any corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors at the time of dissolution shall be trustees of the creditors and stockholders of said corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, and for this purpose the existence of every corporation is continued for three years. Article 1206, Vernon's Sayles' Ann. Civ. St. Tex. 1914.

It is not denied by defendants that they are liable to the United States for the payment of additional taxes lawfully assessed in the proportion in which they have received the assets of the corporation, but they contend that the president and secretary were not authorized to execute the waiver, because they did not constitute a majority of the board of directors. The only evidence we find in the record, aside from the allegations of the bill, as to who were the directors, is the testimony of Noble, in which he states that J. A. Kemp, O. T. Bateman, J. C. Ward, and himself were directors. The bill alleges that one O. T. Bacon was a director. We are not advised as to which name is correct, or whether the discrepancy is the result of a clerical error; but neither Bacon nor Bateman, whichever may be the correct name, is a defendant in the suit, nor does it appear that either of them was a stockholder and received any distribution of the assets. Kemp, who was the other director, has not testified.

[1, 2] When the president and secretary of the board of directors of a corporation act, and it is not shown that the other directors protested or objected, the presumption may be indulged that they acquiesced. That presumption is very strong in this case as the corporation received substantial benefit by the audit following the execution of the waiver. At the time of the report of April, 1922, prescription against suit had not run as the government had five years after the filing of the 1917 return in which to adjust it and bring suit. Section 250, Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt). Had the waiver not been signed, suit could have been filed at that time based on the first audit. We agree with the District Judge that the waiver was properly executed by Noble and Ward, and that defendants are bound by it, and the suit as to the taxes assessed on the return in 1917 is not barred.

With regard to the reassessment of taxes, the sole question raised is as to the method of valuing the inventory of raw material. In the inventories taken at the close of 1916, 1917, and 1918, the corporation valued the stock of broom corn on hand at 10, 13, and 10 cents per pound, respectively, stated to be market value, while the average cost of these years, respectively, was 6.25, 13.2, and 15.86 cents per pound. The report by the revenue agent in April, 1922, is in the record in full, but the subsequent audit, made in March, 1923, used as a basis for the additional assessment of taxes, is not in evidence, except as to a statement of capital and income shown on the returns, and the figures of the adjustment of these items and the amounts of additional taxes assessed, so we are unable to say what other figures are included in that audit.

Section 203 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛c), relative to inventories, is as follows: "That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

From time to time the Treasury Department has adopted rules relative to inventories, all of them of about the same purport, in which it is provided that a taxpayer, in valuing his inventory, may adopt the basis of cost, or cost or market price, whichever is lower. See T. D. 2609, December 19, 1917; T. D. 2831, April 16, 1919; T. D. 2831, December 30, 1920. There is the testimony of several witnesses in the record tending to show that it is the custom of broom manufacturers in Texas to value their inventories at market price, and it is shown that the corporation here in interest had always done so. We think that what is the "best accounting practice," referred to in the statute, would have to be determined by a consideration of a much broader field than that covered by the witnesses for defendants, and, on the other hand, there is the testimony of a government accountant tending to show that the best accounting practice during the taxable years 1917, 1918, and 1920 was to value inventories at cost or market, whichever was lower. Notwithstanding this testimony, and regardless of the practice in other lines of business, it would seem to us that the best

method of determining the profits of a manufacturing business would be to value the raw material at the cost.

[3] In view of the provision of the statute which requires that the method of inventorying must be calculated to most clearly reflect the income, we think that the regulations promulgated by the Commissioner are reasonable and fair, and within his authority to make. The option given the taxpayer to value his inventory at cost or market price, whichever is lower, grants nothing to a manufacturer; but, as he has the right to value his inventory at cost, it takes nothing away from him. He cannot, however, value his inventory at market price, if it is higher than cost.

There is no doubt that the corporation was in good faith in adopting the market price in valuing its inventory. This was higher for 1917, but lower for 1918 and 1920. In adjusting the returns, if cost is taken as the value of the inventory for 1917, that method should be adopted for the other years, in order to do equity. From the brief opinion of the District Court we are advised he was of the opinion that the taxpayer had the right to value his inventory at market price, regardless of cost; but, in the absence of a more full expression of his views, we are unable to reconcile the figures he arrived at, especially as the full audit, made in March, 1923, is not in the record.

We are constrained to disagree with the holding of the District Court to the effect that the taxpayer might adopt market price in valuing his inventory regardless of whether it was lower than cost. It follows that appellees take nothing by their cross-appeal, and on the original appeal the judgment must be reversed, and the case remanded for further proceedings not inconsistent with these views.

Reversed.