## KEMP et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. April 12, 1928.

### No. 5148.

Internal revenue ⟨=⟩7(3), 9(27)—Taxpayer may take inventories only on basis prescribed by Commissioner (Revenue Act 1918, § 203 [Comp. St. § 6336⅛c]).

Under Revenue Act 1918, § 203 (Comp. St. § 6336⅛c), relating to inventories, a taxpayer may take his inventories only on the basis prescribed by the Commissioner.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit in equity by the United States against J. A. Kemp and others. Decree for the United States, and defendants appeal. Affirmed.

Harry C. Weeks, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for appellants.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and C. M. Charest, Gen. Counsel Bureau of Internal Revenue, and John R. Wheeler and Frank J. Ready, Jr., Sp. Attys. Bureau of Internal Revenue, all of Washington, D. C., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This case was before us on a previous appeal. 12 F.(2d) 7. The facts need not be repeated. On the

25 F.(2d)—46

remanding of the case it was tried on the same evidence, and judgment was entered in favor of the United States for $12,272.05, the amount prayed for.

On this appeal, as before, the only question presented is as to the basis used by the taxpayer in valuing the inventories in making returns for taxation. On both trials it was contended that the taxpayer had the right to value his inventories at market price, regardless of whether higher or lower than cost. Section 203 of the Revenue Act of 1918 (Comp. St. § 6336⅛c) requires inventories to be taken upon the basis prescribed by the Commissioner. The taxpayer did not have the right to take his inventories on any other basis than that prescribed by the Commissioner. We held, construing the law and the regulations of the Treasury Department applicable to the facts, that the taxpayer could value his inventories either at cost, or at cost or market, whichever was lower, but could not value them at market, if higher than cost. In auditing the returns and assessing additional taxes, the Commissioner took cost as the basis for valuing the inventories, and we ventured the opinion that this was equitable.

Notwithstanding our previous decision, appellee still insists that in this case the taxpayer had the right to value his inventories at market price, which for two of the taxable periods was higher than cost, and relies on Treasury Decision 3296, promulgated March 2, 1922. That decision had not been adopted when the returns involved in this case were made, and has no application. It is rather lengthy, and in general terms states that an inventory made under the best accounting practice may be used. However, it also repeats the formula that inventories should be valued at cost, or cost or market, whichever is lower, as meeting the requirements of the Revenue Act, and provides that the basis adopted cannot be changed, except by permission from the Commissioner. We see no reason to change our views, as expressed in the former opinion in this case.

The judgment appealed from conforms to those views. It is affirmed.