## AMERICAN CAN CO. v. UNITED STATES. DETROIT CAN CO. v. SAME. MISSOURI CAN CO. v. SAME.

Circuit Court of Appeals, Third Circuit.
March 5, 1929.

Nos. 3750–3752.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Douglas M. Hicks, of New Brunswick, N. J. (Charles T. Hendler and C. M. Charest, both of Washington, D. C., of counsel), for the United States.

Graham Sumner, of New York City, for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from judgments of the District Court ordering refund of income taxes alleged to have been illegally assessed and collected by the Commissioner of Internal Revenue.

The American Can Company owns all, or substantially all, of the stock of the Missouri Can Company, the Detroit Can Company, and 10 other companies. These were referred to in the trial as the plaintiff and its domestic affiliated corporations. They kept their accounts for the year 1917 upon the accrual basis, accruing their receipts and disbursements. In that year, they valued their stock of tin plate carried in their inventories at a constant figure, regardless of changes in the cost or market value. Their stock, other than tin plate, they valued at cost or market value, whichever was lower. In 1916, the price of tin plate was $3.60 per box, but in 1917, it advanced to $7 per box, and so in that year the plaintiffs adopted the system or basis of a constant, invariable figure in their inventory of tin plate supply, called the "inventory constant." The defendant says that this had the effect of increasing the cost of goods sold in 1917 to the extent of $3.40 per box; that the tin plate on hand at the close of 1916, which cost plaintiffs $3.60 per box, was used by them in filling their contracts during 1917, and was charged into cost at $7 per box, and consequently, in addition to their normal profit on manufacture and sale, they made a substantial inventory profit which was not reported in their income.

The Commissioner had two audits made of their returns, and concluded that this accrual basis employed by the plaintiffs did not reflect their true net income, and so in his redetermination he calculated the cost of tin plate at $3.60 per box for the entire year of 1917. This .increased the consolidated net income from $17,994,400.46, shown in the first return, to $24,949,668.51.

The plaintiffs contend that this method or basis employed by the Commissioner was ar-

bitrary, and not authorized by statute; that, since the accrual basis used by them in keeping their accounts admittedly did not reflect their true net income, the only other basis on which their returns could be made and taxes assessed by the Commissioner was that of "actual receipts and disbursements," and this basis the Commissioner did not use; that as a result there was assessed against, and collected from, the American Can Company $2,-705,501.71, the Missouri Can Company, $7,-763.65, and the Detroit Can Company, $5,-893.80, in excess of the taxes which were legally payable and collectible as income and excess profits taxes for 1917, when ascertained and assessed upon the basis of actual receipts and disbursements.

The learned trial judge, sitting by agreement without a jury, found, as admitted, that the basis on which the plaintiffs kept their inventory and made their return did not reflect their true net income, and that the Commissioner changed this basis to some other basis than that of receipts and disbursements, without statutory authority. He accordingly entered judgment for the plaintiffs for the amounts demanded with interest.

The stock, other than tin plate, was valued at its cost or market price, whichever was lower, and the reason why the basis used by the plaintiffs in making their return did not reflect their true net income was because of this "inventory constant," $7 per box, used in making the inventory of the stock of tin plate, regardless of cost or market value. When this was changed, and $3.60 was used instead, the basis of making their inventory was changed, so that the cost of finished products was decreased and the net income increased. The change by the Commissioner was not the mere or incidental change or correction of a figure in a system, but the change of a system, from one basis to a different basis.

Since the basis used by the plaintiffs did not reflect their true income, to what basis could the commissioner legally change? Section 13 (d) of title 1 of the Revenue Act of 1916, 39 Stat. 771, provides that:

"(d) A corporation, joint-stock company or association, or insurance company, keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned."

Accordingly, if a corporation has kept its accounts upon a basis other than that of "actual receipts and disbursements," it may, subject to regulations of the Commissioner, with the approval of the Secretary of the Treasury, make its return upon that basis, and the tax on its income shall be computed as so returned, if it clearly reflects its income; but, if it does not clearly reflect its income, then the tax must be computed on the cash, or receipts and disbursements, basis as prescribed in section 12, which provides that:

"Sec. 12. (a) In the case of a corporation, joint-stock company or association, or insurance company, organized in the United States, such net income shall be ascertained by deducting from the gross amount of its income received within the year from all sources—

"First. All the ordinary and necessary expenses paid within the year in the maintenance and operation of its business and properties. * * *

"Second. All losses actually sustained and charged off within the year. * * *

"Third. The amount of interest paid within the year. * * *

"Fourth. Taxes paid within the year. * * *"

This is the receipts and disbursements, or cash, basis, and the tax must be assessed on this basis. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Anderson et al., 269 U. S. 422, 441, 46 S. Ct. 131, 70 L. Ed. 347; Iselin v. United States, 270 U. S. 245, 46 S. Ct. 248, 70 L. Ed. 566; United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461; Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 S. Ct. 223, 66 L. Ed. 391; Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454.

In the act of 1918 (40 Stat. 1057 et seq.) Congress expressly conferred upon the Commissioner power to redetermine the income on such basis as he might prescribe; but he had no such power under prior acts, and, if the accrual or other basis used by the taxpayer in making his return did not reflect the true net income, he must use the cash basis.

As the basis which the Commissioner used in redetermining the tax was not authorized in the act of 1916, it was contrary to law, as found by the District Court. The tax which the District Court ordered refunded was the excess which the plaintiffs paid, computed on the receipts and disbursements basis, and was right in law and fact.

The judgments are affirmed.