## AMERICAN CAN CO. v. BOWERS, Collector of Internal Revenue, and three other cases.

Circuit Court of Appeals, Second Circuit. November 4, 1929.

Nos. 11–14.

Simpson, Thacher & Bartlett, of New York City (Philip G. Bartlett, Graham Sumner, and A. McCalman, all of New York City, of counsel), for appellants.

Charles H. Tuttle, U. S. Atty., of New York City, and Thomas J. Crawford, Sp. Asst. to Atty. Gen. (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The four appellants in these actions seek recovery of additional income and excess profits taxes paid under duress for the year 1917 (39 Stat. 756; 40 Stat. 300). During the year 1917, the appellants kept their books and filed returns, as permitted by section 13(d) of the Revenue Act of 1916 (39 Stat. 771), showing a consolidated net income of $17,944,-400.46 which included $60,010.50 as dividends. This income was increased, when audit was made by the Commissioner, and upon a reaudit was again increased, so as to show a net income of $24,949,668.51, including the dividends.

Appellants are engaged in manufacturing and selling tin cans and other containers. It was necessary to have on hand constantly tin plate for their manufacture. In 1916, they paid $3.60 per box for tin plate. There was a sharp rise in price in the latter part of 1916 and it reached $7.50 in March, 1917. Appellants charged their customers at the rate of $7 per box, taking advantage of the market increase, and it is established that this increase in price of $3.40 per box was

added to their usual manufacturing profit. They did not report this additional profit in their return so made. By journal entry, on January 31, 1917, the American Can Company wrote up as its inventory of raw materials and goods in process by crediting its "inventory write-up" account by $5,403,-406.70 and debiting the cost ledger the same amount. By journal entry it increased its inventory of finished products by crediting inventory write-up and debiting various finished products accounts by the same amount. Thus, by these entries, they brought the tin plate inventories from the actual cost of $3.60 per box up to $7. The total inventory write-up of this company amounted to $6,-514,479.04, part of which is shown in the profits of the company, but $4,722,500 is claimed to represent the write-up of "normal stocks," and went into a special account set up for the first time in January, 1917, called "Inventory Constant." This account was set up by means of a journal entry whereby inventory write-up was debited and the new "inventory constant" account credited with this sum. Similar bookkeeping entries were made in the books of the other appellants, in all involving the sum of $5,671,500. Thus the book cost of goods was increased and the income understated.

The appellants reported the higher costs rather than the lower costs in their returns. This inflation of cost was disallowed by the Commissioner. It was proved that the appellants took their closing entries in their entirety, inclusive of normal stocks, for the purpose of profit and loss estimates, at cost or market, whichever were lower, and they were unable to establish that they had on hand at the end of 1917 any of the tin plate which had cost them $3.60 per box. The book elimination of this additional income was due to the write-up and the entries in other accounts. The "constant" accounts were liability accounts, and were constituted reserve accounts to take care of inventory losses in future years. The treatment of the "constant" accounts is similar to the treatment in balance sheets of reserves for depreciation.

Appellants claim that this item does not constitute a part of their true consolidated net income as reported on an accrual basis. They contend that the same is not taxable income under the statute. Section 13(d) of the act 1916 (39 Stat. 771), provides: "A corporation * * * keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may,

subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned."

■ This act, as amended in part by the 1917 act (40 Stat. 300), was intended by Congress to extend the income tax as far as possible to all species of income. Heiner v. Colonial Trust Co., 275 U. S. 232, 48 S. Ct. 65, 72 L. Ed. 256; Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897. The section deals with a system of accounting where the taxpayer's accounts are kept on any basis other than actual receipts and disbursements. The income is presumed to have been received, even though not actually received, and expenses incurred, even though not actually disbursed. The cash basis of accounting had theretofore been dealt with by Congress, which referred to the actual receipts and disbursements.

■ This new basis or system of accounting refers to other than a cash basis. It is based upon the fundamental principle upon which the corporate accounts are kept. If, when arriving at income, the bookkeeping system contemplates that receipts and disbursements are deemed received and disbursed when the income accrued and the liabilities are incurred, then the basis of accounting is that of an accrual system, as pointed out by the Supreme Court in United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347 in construing section 13. Difficulties were involved in the preparation of income accounts on a strict basis of receipts and disbursements. Because of business complexity, when considering the acts of 1909 and 1913 (36 Stat. 11; 38 Stat. 114), it became necessary to authorize, by departmental regulation, a method of preparing returns not in terms provided by those statutes. This gave rise to the purpose of the act of 1916. Sections 12(a) and 13(d), 39 Stat. 767, 771. It was to enable taxpayers to keep their books, and make their returns according to scientific accounting principles, by charging against income earned during the taxable year, the expenses incurred in and properly attributable to the process of earning the income during that period, and to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strictly cash received and disbursed basis.

■ The courts have held that, in keeping accounts on an accrual basis, referred to in the statute, it was intended that there may be

charged, against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during the period. United States v. Anderson, supra; Aluminum Castings Co. v. Routzahn (C. C. A.) 31 F.(2d) 669. Necessarily, net income, for tax purposes, is a conception of the income tax statute, and the amount arrived at is ascertained by deducting from the gross amount of income received by the taxpayer from all sources the specified deductions allowed to it by statute. For corporate purposes only, it may well be, on the other hand, that net income may be arrived at by the deduction of entries and accounts which are not permissible for purposes of taxation. Weiss v. Weiner, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720.

The appellee argues that "basis," as used in the statute, includes every process and every method used in determining any factor which affected the amount of the net income stated in the return, and requires the consideration of every figure in the return which relates to the net income. Having made their returns, in accordance with such a basis, appellants say there is no occasion for reconciliation of the net profits as per their books with the federal tax return of 1917. They say that the tax "shall be computed upon the income as so returned," and in construing the basis as used in section 13 (d) that the Commissioner must compute the tax on the income as returned without correction. But the section provides for the computation of the tax upon the income "as so returned," upon the basis upon which the accounts are kept, instead of income computed upon the basis of actual receipts and disbursements. The requirement of section 10, as amended by Act Oct. 3, 1917, § 1206 (40 Stat. 333), was intended to reflect the true income of the taxpayer. If it does, the return may stand as filed upon the accrual basis. If not, the Commissioner may still, treating the return as on an accrual basis, make corrections on such basis as he would if it were filed upon a cash basis.

Here the Commissioner made no change as to the accrual system of accounting. He disallowed the inflation of cost for the tin plate—a sum which did not truly represent its cost—and declined to permit the increase by means of bookkeeping entries. In so doing, he did not change the method of bookkeeping; his act was not an inconsistent treatment of any item on the returns; it was merely a correction of an item incorrectly stated on the same accrual basis. He revalued the inventories in accordance with the truth and his valid regulations. He disregarded the later write-ups setting up the "inventory constant," which did not state the truth as to the cost of the tin plate. It must always be borne in mind that in keeping accounts they must truly reflect the costs and disbursements, which are either paid or accrued, and which may lawfully be deducted. The determination of the value to be placed upon an inventory has no relation to the principle or theory affecting the determination of when income is deemed to be received and when expenses are deemed to be incurred. The valuation used in taking the income or in setting up a reserve against the contingencies of future inventory losses has no reference to the basis of accounting with which the statute concerns itself, and does not amount to a basis of accounting within the purview of section 13. The statute necessarily intends to impose a tax upon the true income when the return is on the accrual basis.

But the appellants contend that the Commissioner may not correct a return filed on an accrual basis in taxing income on such basis, but must either accept the return as made or restate the income on the cash basis. This is another way of saying that the computation of income may not be corrected, if the return be on an accrual basis, and this is based upon the alleged lack of power on the part of the Commissioner to make corrections. In order to ascertain his profit, the taxpayer necessarily must deduct the actual cost, in the computation, from his sale price. In the departmental practice (Treasury Decision 2609), the Commissioner requires inventories to be taken at cost or market, whichever is lower, and such regulations accord with the best accounting practice and have met with approval in the subsequent Revenue Acts of 1918, 1921, 1924, 1926, and 1928 (40 Stat. 1057; 42 Stat. 227; 43 Stat. 253; 44 Stat. 9; 45 Stat. 791 [26 USCA § 2001 et seq.]). See United States v. Kemp (C. C. A.) 12 F.(2d) 7; Chicago Frog & Switch Co. v. United States, Court of Claims, June 3, 1929.

The statute (section 10) assessed the tax upon the total net income received from all sources by every corporation. Section 11 provides exemptions; section 12 prescribes how the total net income shall be computed, and authorizes deductions "from the gross amount of * * * income received within the year from all sources," such as ordinary and necessary expenses, losses sustained and charged off within the year, interest paid on indebtedness to the extent therein pre-

836

scribed, and taxes paid within the year, except income and excess profits taxes. Subdivision (b) of section 13 requires that every corporation shall be taxed after rendering a true and accurate return, "containing such facts, data, and information as are appropriate and in the opinion of the Commissioner necessary to determine the correctness of the net income returned and to carry out the provisions of this title. * * *" Section 14(a) provides that, in cases of erroneous, false and fraudulent returns, the Commissioner shall make a return upon information obtained as provided for, and section 14(b) provides that "the returns, together with any corrections thereof which may have been made by the Commissioner, shall be filed in the office of the Commissioner of Internal Revenue." The term "returns" necessarily is generic, and embraces all returns, whether they be upon a basis of cash or accrual system of bookkeeping. In his examination, the Commissioner was entitled to such information as would give him the entire income from all sources, less the statutory deductions to which the taxpayer was entitled. We find no basis for the argument of the appellants that the Commissioner's sole authority was to compute income on a cash basis. With the power of correction, as above pointed out, in the Commissioner, he may properly correct and compute income on returns filed on an accrual basis.

■ It may not be argued that the provisions of section 12(a) as amended by Act Oct. 3, 1917, § 1207 (40 Stat. 334), which define taxable net income, apply only to returns on a cash basis, and have no application to returns filed on an accrual basis under section 13(d) and section 10 of the 1916 act, as amended by section 4 of the 1917 act (40 Stat. 302), which imposes the tax on the total net income received from all sources by every corporation, and prescribes a rate of income tax. Section 12(a) defines how such net income shall be ascertained, and refers to net income made taxable by section 10. The only definition of net income which is subject to tax, upon any basis, is that defined in section 12(a). Reading these sections together, it will be observed that the provisions referring to income received and expenses paid mean received or paid in accordance with the principle upon which the books are kept. Section 12(a) and section 13(d) must be read together, and in so doing the taxing scheme of the statute is plain. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; American National Co. v.

United States, 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946.

In the Anderson Case, the Commissioner disallowed as a deduction from the taxpayer's 1917 gross income, computed upon an accrual basis, munitions tax paid in 1917, but which had accrued in 1916. In supporting such action, the Supreme Court recognized that the taxes were there computed, not upon the income as returned, but upon the income corrected to accord with the basis upon which the taxpayer's accounts were kept. In Aluminum Castings Co. v. Routzahn, supra, it was conceded that the books were kept upon an accrual basis, and it was pointed out that the Commissioner had the right to eliminate a deduction wrongfully made. In American Can Co. v. United States, 31 F.(2d) 730 (C. C. A. 3), the court took a view of the questions here presented which is contrary to our conclusions. We find ourselves unable to agree with the reasons advanced by that learned court which persuaded them. The appellants' returns did not truthfully state their income, due to the bookkeeping entries, which covered an increased valuation over the cost of the tin plate, and they have failed to bear the burden of establishing the invalidity of the tax which has been assessed. Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; United States v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799.

■ The Commissioner has but taxed income in declining to allow this alleged increase of cost. The taxpayer received a gain in the sale of its tin plate, when made into tin cans, to the extent of this increase. It was gain derived from capital and labor, or from both combined. Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460; Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305; Doyle v. Mitchell Bros., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054. Indeed, the appellants have failed to comply with the Departmental Regulation 33 (Revised), articles 91 and 92, promulgated under the act of 1917, which, in effect, require manufacturing and mercantile corporations to compute their income tax under the act in question through the use of inventories showing gross income as consisting of the difference between the price received for the goods sold and the cost of such goods as manufactured. Such regulations are valid, whether applied to a cash or accrual basis of return. Hays v. Gauley Mt. Coal Co., 247 U. S. 189, 38 S. Ct. 470, 62 L. Ed. 1061.

The court below properly directed a judgment for the defendant in each case.

Judgments affirmed.