**DALY v. ANDERSON, Collector of Internal Revenue.**

District Court, S. D. New York.   January 29, 1930.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for defendant.

Robert H. Montgomery, of New York City, for plaintiff.

WOOLSEY, District Judge. I grant the plaintiff's motion for a directed verdict and deny the defendant's motion therefor.

The facts are stipulated, and it would merely cumber the record to repeat them in this decision.

It may fairly be said that there are two questions involved here.

The first is whether the $8,500 paid by the plaintiff to his real estate broker was a capital expenditure and, hence, not deductible from income whether a taxpayer be on a cash or accrual basis, and the second is whether, as the taxpayer kept his books on a cash basis, he was entitled to deduct from his income in 1923 the total commission paid for a 21-year lease, whose term did not commence to run until 1931.

■ I think that the first question must be answered in the negative. The taxpayer did not invest in anything when he paid his real estate broker for services in securing a lease for him. What he did was to pay some one for services in connection with the use to which he was lawfully putting his land. Cf. McNeill v. Commissioner of Internal Revenue, 16 B. T. A. 479; Evalena M. Howard v. Commissioner of Internal Revenue, decided by the Board of Tax Appeals on November 30, 1929, Docket No. 25,749, and not yet reported.

The taxpayer when the transaction was over had his estate in his land, minus the leasehold estate. It is true that ultimately he was to be paid rent, but that would be merely a periodic recognition by his tenant of the surrender the taxpayer has made by carving the lease out of his freehold, and would be taxable as income to the taxpayer in the year when paid.

■ Coming to the second question, the taxpayer had the right under the laws to keep his books on a cash basis. He did so.

Section 214(a) of the Tax Law of 1921 (42 Stat. 239) provides in part:

"That in computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * * "

Section 200 of the same law says:

" * * * The terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212. * * * "

Section 212(b) of the same law says:

"The net income shall be computed * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. * * * "

■ What the government is entitled to tax is the true net income computed as the law allows.

■ In the case of taxpayers on a cash basis, that is reflected by deducting, from all money receipts during the year, all expenditures incurred in business, not to mention other deductions not here involved. Decisions involving taxpayers on an accrual basis, such as American Can Co. v. Bowers, 35 F.(2d) 832, decided by the Circuit Court of Appeals for this Circuit, on November 4, 1929, are beside the mark. In those cases, of course, accrued deductions must march with the taxable year.

The government does not question the amount of the payment for commissions, the fact that it was paid, or that it was an ordinary and necessary expense of an owner of real estate in the business of renting it.

The government's complaint, aside from the question of the payment being a capital expenditure above disposed of, is, as I understand it, that it is dislocated in time, so to speak, and bears no relation to the plaintiff's 1923 income.

In that contention the government is trying to change the reading of section 214(a) of the act so that it would read in effect that deductions could only be allowed for expenses paid *"for carrying on any trade or business during the taxable year."*

But that is distortion of the meaning of the clause. The section in question says: "Paid * * * during the taxable year in carrying on any trade or business."

■ The taxpayer on a cash basis, therefore, could not deduct an expense, except in the year when it was paid.

■ Mr. Daly cannot prorate the commission and deduct it yearly from the rent for 21 years after 1931, because he will not have paid it in those years. If he made such a deduction, the government would properly meet

such a claim by saying to him: "You should have deducted it in 1923 when you paid it."

But the government can and will tax the whole rent as income during the period of the lease.

It may be that those years will be years of low taxes, but, if so, it will be a legitimate incidental advantage to Mr. Daly.

It may be that those years will be high tax years. If so, that will be a legitimate incidental advantage to the government.

As to the present question, however, the government cannot have a right to refuse this deduction now and tax the full rent hereafter. That is what their reading of section 214(a) means.

The United States cannot have it both ways.

The plaintiff paid $3,073.15, the additional tax and interest which it now seeks to recover, on June 9, 1927.

A verdict is, therefore, directed for the plaintiff in the sum of $3,073.15, with interest at 6 per cent. from June 9, 1927, until paid, and judgment may be entered accordingly.