## McPHERSON v. COMMISSIONER OF INTERNAL REVENUE.*

## LEIGHTON v. SAME.

### Nos. 6550, 6551.

Circuit Court of Appeals, Ninth Circuit.
Jan. 5, 1932.

Herman Weinberger and Chickering & Gregory, all of San Francisco, Cal., for petitioners.

*Rehearing denied February 23, 1932.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Erwin N. Griswold, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and Laura M. Berrien, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

The petitioners herein are contesting the determination of the United States Board of Tax Appeals holding them liable as transferees for the payment, in the case of petitioner McPherson of $2,000, and in the case of Leighton of $900, as their proportion of a total income and profits tax of $7,986.53 assessed against Leighton's Inc., a corporation. All of the proceedings with respect to the imposition of the main tax, and the amounts thereof assessed against petitioners, were had subsequent to June 25, 1920, on which date the corporation was regularly dissolved as permitted by the laws of California. The corporation was organized on March 29, 1919. At and prior to the date of its dissolution, these petitioners, with Carl Barthel, constituted its board of directors. Before the proceedings to dissolve the corporation were completed, petitioner Leighton purchased the assets of the corporation for the sum of $15,000, and when those proceedings were completed the $15,000 was distributed to the stockholders in proportion to their holdings. Under such distribution, petitioner McPherson received $2,000 and petitioner Leighton $900.

On March 15, 1920 (after the dissolution proceedings), a tax return was made on behalf of the corporation which was signed by the two petitioners as corporate officers. On March 6, 1925, these petitioners, with Carl Barthel, designating themselves as surviving trustees of "Leighton's Inc., a dissolved corporation taxpayer" filed with the commissioner a waiver of the time prescribed by law for making assessments in the form customarily used by the Tax Department, which waiver extended the time for making the assessment to December 31, 1925, when it was provided to expire, except that, as the waiver read, "if a notice of deficiency in tax is sent to said taxpayer by registered mail before said date and no appeal is filed therefrom with the United States Board of Tax Appeals, then said time shall be extended sixty days. * * *"

On September 29, 1925, the commissioner

mailed a deficiency notice to the corporation, showing as due on account of the income and profits tax the sum hereinbefore given. No claim is made that the trustees did not receive this notice. This deficiency amount was assessed in January, 1926. On February 21, 1927, the petitioners were duly notified by the commissioner of their proportionate liability of the deficiency tax so assessed. Upon petition for redetermination of the tax, the Board of Tax Appeals sustained the commissioner, except that the Leighton tax amount was reduced to $900.

Petitioners urge the contentions: (1) That the commissioner was not authorized under the law to make the deficiency assessment against a corporation that had been dissolved. (2) That the waiver extending the time within which the assessment might be made was invalid.

It is admitted that the provisions of section 280 of the Revenue Act of 1926 (44 Stat. 61 [26 USCA § 1069]), wherein a summary method is provided for the enforcement of an income tax charge against the transferees of assets of the taxpayer primarily liable therefor, apply to this case, notwithstanding that the year for which the tax was levied was one antedating the approval of the act. The latter admission is an inescapable one, since the decision of the Supreme Court in Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289. Prior to the passage of the Revenue Act of 1926, assets of the delinquent taxpayer in the hands of a transferee might be reached in satisfaction of the tax charge only by a proceeding at law or in equity. The 1926 act provided for the summary assessment against such a transferee, which should be governed by the same procedure as that applicable in the assessment of the primary tax. The Supreme Court of the United States, in the case last above cited, affirmed the right of Congress to provide a summary proceeding for the enforcement of an income tax assessment against a transferee of assets, holding that no constitutional right was infringed thereby, as the transferee was given full right to contest the tax and its amount, and have a judicial hearing thereon.

Upon the dissolution of the corporation, the petitioners, together with Barthel, as directors of the corporation, became trustees, with the power and duty to adjust any unsettled affairs of the corporation; to collect its receivables and to pay its debts. Section 400 of the Civil Code of California, as it read during all of the time important to these tax proceedings, contained the following provisions:

"400. Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full powers to settle the affairs of the corporation, collect and pay outstanding debts, sell the assets thereof in such manner as the court shall direct, and distribute the proceeds of such sales and all other assets to the stockholders. Such trustees shall have authority to sue for and recover the debts and property of the corporation, and shall be jointly and severally personally liable to its creditors and stockholders or members, to the extent of its property and effects that shall come into their hands."

Those provisions do not limit the period during which the trustees shall continue to act. Hence, the implication is plain that they shall continue to act so long as any of the affairs of the dissolved corporation remain unsettled. United States v. Laflin (C. C. A.) 24 F.(2d) 683; Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192. We find no reason to distinguish a case where trustees are acting to liquidate corporate affairs under the provisions of the California statute from those cases where liquidators are provided for to act in the corporate name. The corporation here concerned became liable for the tax during the year when it was functioning under its charter. That tax the commissioner was entitled to assess in some form, and whether he designated the corporation by name, as though it were still fully alive, or designated its estate under the term "a dissolved corporation," or designated it as "a dissolved corporation in the hands of trustees" seems to suggest a matter of form only and not one attended by substantial differences. It was necessary that the total amount of the tax which accrued against the corporation during its active existence be ascertained, in order that the tax might be collected and the assets followed into whosoever hands they might be found. The fixing of the tax charge as it had accrued against the corporation was a necessary prerequisite to the ascertainment of the proportionate amounts due from the transferees of the assets. The former directors, acting as trustees, as the law provided they should act, were legally bound to take notice of the assessment

proceedings of which they were given notice, following the return which they made to the commissioner.

Assuming the validity of the questioned waiver, the assessment against the transferees was made within time. Section 280, Revenue Act, ante. Of that assessment due notice was given. The power given the trustees of a dissolved corporation to adjust and settle its affairs under the California statute are broad. Such powers, in so far as the payment of debts and adjustment of disputed matters affecting the assets are concerned, are fully as comprehensive as the directors of a corporation would ordinarily exercise during the active life of the organization. Necessarily, there would be included the right in the trustees to use reasonable judgment and discretion in the handling of disputed claims or in the defense of suits, and within such discretion would seem to be the right to waive a statute of limitations. The waivers relied upon here, as executed by petitioners and their cotrustee, we can properly assume were considered of some benefit to the estate and persons interested. The situation was that the commissioner was about to assess, without further delay, a deficiency tax. With further time to investigate and check the affairs of the dissolved corporation, it might well have happened that the commissioner would arrive at a less total of deficiency tax than if he had been compelled to fix it within the original period provided by statute. A reasonable inference is that the trustees believed that by allowing more time to the Tax Department, some benefit would accrue to them in respect to the amount of deficiency tax finally assessed. The deferring of the collection of that tax might likewise have been considered of benefit to the interests they represented. The argument to the point discussed might come with greater force had the trustees made the waiver after the statutory time within which the primary tax might be assessed had expired. Cases holding that trustees or persons acting in a similar relation to a corporation in process of dissolution are in point. We cite: Lucas v. Hunt, 45 F.(2d) 781 (C. C. A. 5); United States v. Kemp, 12 F.(2d) 7 (C. C. A. 5); Commissioner v. Godfrey, 50 F.(2d) 79 (C. C. A. 2).

The respondent makes the point that the trustees signing the waiver are estopped to claim a lack of authority, and makes a forceful argument in support of that position. Having concluded that the trustees did have, under the California statute, full power to execute the waiver, the question of estoppel need not be given particular consideration.

The orders of the Board of Tax Appeals are affirmed.