T.C. Memo. 1999-146


UNITED STATES TAX COURT


SAN FRANCISCO WESCO POLYMERS, INC., Petitioner
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7750-98.                    Filed April 30, 1999.


SF, a dissolved corporation, moved for partial summary judgment on the ground that the period of limitations under sec. 6501(a), I.R.C., had expired with respect to SF's taxable year ended June 30, 1993. SF was liquidated on Dec. 31, 1994, and USA, a corporation, was formed to take over SF's operations. USA's first corporate tax return was filed for the taxable year ended June 30, 1994. R mailed a letter with attached Forms 872, Consent to Extend the Time to Assess Tax, on June 20, 1996 to C, SF and USA's president, to extend the time to assess tax with regard to SF's taxable year ended June 30, 1993. The letter stated that the attached Forms 872 related to SF's taxable year ended June 30, 1993. The Forms 872 listed USA's name and employer identification number but listed the taxable year ended June 30, 1993, as the period to be extended. C signed Form 872 in his capacity as president of USA. R mailed a notice of deficiency on Feb. 3, 1998, more than 3 years after SF's tax return for the year ended June 30, 1993 was filed.

Held: R has established by clear and convincing evidence that C signed Form 872 with the intent to extend the period of limitations for SF's taxable year ended June 30, 1993.

Held, further, Form 872 may be reformed to conform with the intent of the parties. Woods v. Commissioner, 92 T.C. 776 (1989), applied.

Held, further, R's notice of deficiency is not barred as untimely under the period of limitations on assessments contained in sec. 6501(a), I.R.C.

Donald L. Feurzeig, for petitioner.

Laurel M. Robinson, for respondent.

MEMORANDUM OPINION

NIMS, Judge: This matter is before the Court on petitioner's motion for partial summary judgment under Rule 121. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies and accuracy-related penalties with respect to the Federal income tax of petitioner San Francisco Wesco Polymers, Inc. (SFWP) for the taxable years ending June 30, 1993 and June 30, 1994:

| Year | Deficiency | Penalties Sec. 6662(a) |
|---|---|---|
| June 30, 1993 | $108,986 | $6,150 |
| June 30, 1994 | 21,797 | 1,230 |

The sole issue for decision is whether Form 872, Consent to Extend the Time to Assess Tax, signed by a duly authorized officer of SFWP's corporate successor in interest, constitutes a binding agreement to extend the period of limitations under section 6501(c)(4) with respect to SFWP's June 30, 1993 taxable year.

When the petition was filed, SFWP did not have a principal place of business because it had previously ceased operations. The IRS office to which SFWP's tax returns were made is located in Fresno, California. See sec. 7482(b)(1)(B).

## Background

The background facts related below are taken from the record and the undisputed written representations of the respective parties.

SFWP mailed its Form 1120, U.S. Corporation Income Tax Return, for the fiscal year ended June 30, 1993 (1993 return) to the Fresno Service Center on February 2, 1994. SFWP's 1993 return was signed by Miguel Chang (Chang), president and a director of SFWP. Respondent received SFWP's 1993 return on February 4, 1994. The general 3-year period of limitations for assessment of tax expired on February 4, 1997.

SFWP's Employer Identification Number (EIN) is 94-3100328. The address for SFWP as set forth on its 1993 return was 555

Montgomery Street, Suite 816, San Francisco, California. On February 3, 1998, respondent mailed the notice of deficiency to SFWP at 555 Montgomery Street, Suite 816, San Francisco, California.

U.S.A. Wesco Polymers, Inc. (USAWP), was incorporated under the law of the State of California on August 20, 1993. USAWP's EIN is 94-3187418. Chang was the president and chairman of USAWP. USAWP filed its first Form 1120 on February 10, 1995, covering the fiscal year beginning September 1, 1993 and ending June 30, 1994. USAWP's address on its Form 1120 was 555 Montgomery Street, Suite 816, San Francisco, California.

On August 16, 1993, the shareholders of SFWP decided that USAWP would take over SFWP's business operations on September 1, 1993. SFWP liquidated on December 31, 1994.

On June 20, 1996, respondent mailed a letter to Chang attached to which were two copies of Form 872. The letter stated that the Form 872 was provided with respect to "the examination of your corporate tax return, Form 1120, for San Francisco Wesco Polymers, Inc." and requested that Chang execute Form 872 because the period of limitations "will expire in February of 1997."

The Form 872 mailed by respondent lists the name of the taxpayer as: "USA Wesco Polymers, Inc., Successor in Interest to San Francisco Wesco Polymers, Inc. (EIN 94-3100328)". The EIN of the taxpayer on Form 872 listed on the upper right corner is

USAWP's EIN. Chang signed Form 872 as president under the corporate name "U.S.A. Wesco Polymers, Inc., Successor in Interest to San Francisco Wesco Polymers, Inc. (94-3100328)". The Form 872 purportedly extended the time to assess tax due on the return ended June 30, 1993, to February 15, 1998. Respondent received the Form 872 from Chang on July 8, 1996.

On May 15, 1997, respondent sent a letter to Kit Tam, a representative of SFWP and requested additional consents to extend the time to assess tax for both USAWP and SFWP.

On May 29, 1997, SFWP's counsel sent a letter to respondent stating that SFWP declined to sign any consents to extend the time to assess tax with respect to Chang, SFWP and USAWP.

The notice of deficiency for SFWP's taxable year ended June 30, 1993, was mailed on February 3, 1998, which is more than 3 years after SFWP filed its 1993 return.

## Discussion

The sole issue for decision is whether Form 872, Consent to Extend the Time to Assess Tax, signed by a duly authorized officer of USAWP, SFWP's successor in interest, constitutes a binding agreement to extend the period of limitations under section 6501(c)(4) with respect to SFWP's taxable year ended June 30, 1993.

Summary judgment or partial summary judgment may be granted if the pleadings and other materials demonstrate that no genuine

issue of material fact exists and that a decision may be rendered as a matter of law.  See Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  See <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

We are satisfied that no genuine issue of material fact exists.  Partial summary adjudication is therefore appropriate in this case.

Since the deficiency notice was mailed more than 3 years after the filing of the tax return for SFWP's taxable year ended June 30, 1993, respondent is barred from assessing a deficiency for that year unless an exception to section 6501(a) applies. The pertinent exception in this case is found in section 6501(c)(4) which provides:

> (4) Extension by agreement.--Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, * * * both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon * * *

Respondent asserts that Form 872 contained a mutual mistake, allowing the Court to reform Form 872 to conform with the intent of the parties.

SFWP argues that it did not consent in writing to extend the period of limitation on assessments.  Instead, SFWP contends that respondent consented with USAWP to extend the period of limitation on assessments as evidenced by the following facts: (1) The taxpayer listed on Form 872 is identified as USAWP, (2) the taxpayer's EIN on Form 872 is that of USAWP, and (3) the corporate name on Form 872 is that of USAWP.

For the reasons discussed below, we agree with respondent.

The bar of the statutory period of limitation is an affirmative defense, and the party raising this defense must specifically plead it and prove it.  See Rules 39, 142(a); Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240 (1990).  SFWP has pleaded the defense properly, but, as previously stated, in a summary judgment proceeding factual inferences are read in a manner most favorable to the opposing party.  In this case, the undisputed facts, as discussed below, clearly and convincingly establish that the reference to USAWP rather than SFWP in the Form 872 was the result of a mutual mistake of the parties, which is susceptible of appropriate reformation to conform with the intent of the parties.

Where an agreement made pursuant to section 6501(c)(4) does not conform with the actual agreement between the parties, we may reform the writing to conform with intent of the parties if established by clear and convincing evidence. See Woods v. Commissioner, 92 T.C. 776, 789 (1989). In Woods v. Commissioner, the taxpayers executed a Form 872, Consent to Extend the Time to Assess Tax, for the taxable year ended 1978. The Form 872 extension was limited to adjustments relating to the taxpayers' S corporation, "Solar Equipment, Inc.", identified by the proper EIN.

Subsequently, the Commissioner sent a letter to the taxpayers asking them to execute a Form 872-A, Special Consent to Extend the Time to Assess Tax. The letter erroneously referred to "Solar Environments, Inc." The Form 872-A accompanying the letter also erroneously referred to "Solar Environments, Inc." and the wrong taxable year. The Commissioner discovered the error as to the year and sent another Form 872-A. However, this form also contained an erroneous reference to "Solar Environments, Inc." We found that at the time each extension was executed, both the taxpayers and the Commissioner intended that the extensions would allow the Commissioner additional time to complete his examination of the taxpayers' 1978 tax return.

Accordingly, in Woods v. Commissioner, supra at 789, we held that reformation of the Form 872-A to conform to the parties'

intent was proper, finding the evidence clear and convincing to support such action. The evidence consisted of the facts that "Solar Equipment, Inc. EIN: 43-1156196" was the only subject under examination and the only issue still open under a prior written extension.

In this case, we assume that Chang read and understood respondent's June 20, 1996, letter stating that the attached Forms 872 related to examination of SFWP's corporate tax return. Although the Forms 872 listed USAWP's name and EIN, it listed the taxable year ended June 30, 1993, as the period to be extended. USAWP filed its first corporate tax return on February 10, 1995, covering the fiscal year beginning September 1, 1993, and ending June 30, 1994. Since USAWP's first filed tax return was for the period ended June 30, 1994, the Form 872's reference to the tax return ended June 30, 1993, must have referred to SFWP, not USAWP. Since Chang was the president of both SFWP and USAWP, we infer that he knew this fact. Therefore, we conclude that Chang signed the Form 872 with the intent to extend the period of limitations for SFWP's taxable year ended June 30, 1993. The evidence clearly and convincingly supports reformation. See also Buchine v. Commissioner, 20 F.3d 173 (5th Cir. 1994), affg. T.C. Memo. 1992-36.

SFWP argues that Woods v. Commissioner, supra, does not authorize reformation where both parties to a reformation have

not signed the Form 872, citing <u>Malone & Hyde, Inc. v. Commissioner</u>, T.C. Memo. 1992-661, for support.  But petitioner's reliance on the latter case is nullified by the fact that Chang, who did sign the Form 872, was president of both corporations and, as we have demonstrated, was well aware that only SFWP's taxable year could have been intended.

SFWP further argues that the Form 872 is invalid because Chang did not have the authority to sign the Form 872 on behalf of SFWP.  Authority to act on behalf of a corporation in tax matters is determined by State law.  <u>Sanderling, Inc. v. Commissioner</u> 66 T.C. 743, 750 (1976), affd. in part and revd. in part 571 F.2d 179 (3d Cir. 1978).  Since SFWP was a California corporation, we determine the scope of an agent's authority under California law.

Under California law, a corporation that has dissolved may still carry out acts necessary to wind up its affairs, including those relating to taxes.  See Cal. Corp. Code sec. 2010(a) (West 1990); <u>Callan v. Commissioner</u>, 476 F.2d 509 (9th Cir. 1973), affg. per curiam 54 T.C. 1514 (1970).  California Corporations Code section 2001 (West 1990) provides in pertinent part:

> The powers and duties of the directors * * * and officers after commencement of a dissolution proceeding include, but are not limited to, the following acts in the name and on behalf of the corporation:

> \*       \*       \*       \*       \*       \*       \*

(b) To continue the conduct of the business insofar as necessary for the disposal or winding up thereof.

(c) To carry out contracts and collect, pay, compromise and settle debts and claims for or against the corporation.

* * * * * * *

(h) In general, to make contracts and to do any and all things in the name of the corporation which may be proper or convenient for the purposes of winding up, settling and liquidating the affairs of the corporation.

Thus, under California law, Chang, as president and director of SFWP, had the authority to execute agreements which extended the period of limitations with respect to SFWP's taxable year ending June 30, 1993. See McPherson v. Commissioner, 54 F.2d 751 (9th Cir. 1932) (holding that agreements to extend the period of limitation on assessments signed by trustees of a dissolved California corporation were valid), affg. Crosman v. Commissioner, 22 B.T.A. 390 (1931); Praxiteles, Inc. v. Commissioner, T.C. Memo. 1993-622 (holding that the president of a dissolved S corporation had the authority to execute agreements to extend the period of limitations with respect to a taxable year of the S corporation under California law), affd. without published opinion 70 F.3d 1279 (9th Cir. 1995).

Moreover, Malone & Hyde, Inc. v. Commissioner, supra, lends no support to SFWP's position. In Malone & Hyde, Inc. v. Commissioner, supra, an accountant, under a power of attorney, signed Forms 872 on behalf of Malone & Hyde, Inc., which, at the

time the consents were executed, had already been merged into another company. At no time was the accountant an officer, director, or shareholder of Malone & Hyde, Inc. The parties agreed that Delaware law applied. We held that the consents executed by the accountant were invalid because, under Delaware law, his power of attorney ceased when Malone & Hyde, Inc. ceased to exist after the merger.

Unlike Malone & Hyde, Inc., Chang was an officer and director of SFWP, giving him authority to sign Form 872 under California law; he was not a third-party agent exercising authority under an extinguished power of attorney.

Accordingly, we hold that respondent has established by clear and convincing evidence that SFWP intended to extend the period of limitations for its taxable year ended June 30, 1993, and that Form 872 may be reformed to conform with the intent of the parties. See Woods v. Commissioner, 92 T.C. 776 (1989). Therefore, respondent's notice of deficiency is not barred as untimely under the period of limitations on assessments under section 6501(a).

To reflect the foregoing,

An appropriate order

will be issued.